ELISHA A. CLARKE vs. LEMUEL MAY.

ARNOLD WHIPPLE vs. LARNED KENT & another.

A justice of the peace, who exceeds his jurisdiction, knowing the facts which constitute the defect of jurisdiction, is liable in damages to any party injured.

Thus a justice of the peace, who, after finally disposing of a cause tried before him, commits a witness to prison for contempt at the trial, is liable to an action by the witness.

But an officer does not, by executing process, issued by a justice of the peace without jurisdiction, subject himself to an action, unless the want of jurisdiction appears on the face of the process.

Thus a constable, who, pursuant to the unauthorized orders of a justice of the peace, arrests a witness, and takes him before the justice to answer for a contempt, and commits him to prison, is not liable to an action, unless the justice's want of authority appears on the face of the capias or mittimus.

ACTIONS OF TORT for false imprisonment. These cases, the first of which was against May, a justice of the peace, and the second against said May and Kent, a constable of Pawtucket, were submitted to the court upon the following facts :

The plaintiffs were summoned to appear before May, on the 30th of August 1853, to testify in behalf of the Commonwealth, on the trial of a complaint against Augustus Abell for being a common seller of intoxicating liquors, but failed to obey the summons ; and Abell, on the said 30th of August, was tried and acquitted. On the 7th of September 1853, the plaintiffs were arrested by Kent on a capias issued by May, (which is copied in the margin,*) and taken before May to answer a charge of con-

---

* Commonwealth of Massachusetts. Bristol, ss. To the sheriff of the county of Bristol, or any of his deputies, or any constable of said county, Greeting : Whereas Augustus Abell, of Pawtucket, was brought before me, Lemuel May, a justice of the peace in and for said county, on the thirtieth day of August last past, on the complaint of Samuel A. Lee, of Pawtucket, in behalf of the Commonwealth ; and whereas I granted a summons to Oliver Everett, Robert Snow, Arnold Whipple and Elisha A. Clarke, of Pawtucket, [and six others named,] requiring them to appear before me or some other justice of the peace in said county, to testify in behalf of said commonwealth ; and whereas it has been made to appear to me that said witnesses were duly summoned to appear as aforesaid at said Pawtucket, on said thirtieth day of August, at 10 o'clock in the forenoon, at the Town Hall in said Pawtucket, and that said witnesses were not present when they were called, or afterwards, to be examined as aforesaid, and to testify ;

tempt for not appearing as witnesses, and, after a hearing, were adjudged guilty of contempt, and sentenced to pay a fine and costs, and on their refusal to pay the same were committed to jail by Kent, by virtue of a mittimus issued by May, (also copied in the margin,*) and there kept till the next day, when the plaintiffs applied to a judge of this court for a writ of *habeas corpus*, which was granted as to Clarke, returnable before the full court at Plymouth, October term 1853, when Clarke was discharged; and the defendants thereupon released Whipple.

*C. B. Farnsworth*, for the plaintiffs.

*C. I. Reed*, for the defendants.

---

and whereas the said witnesses thereby committed a contempt of this court; you are therefore hereby required to take the bodies of said Everett, Snow, Whipple, Clarke, [and others,] if they may be found in your precinct, and forthwith bring them before me, the said justice, to answer to the said charge of contempt. Hereof fail not, as you will answer your default under the pains and penalties. Given under my hand and seal this fifth day of September, A. D. eighteen hundred and fifty three. LEMUEL MAY, Jus. of the Peace.

\* Commonwealth of Massachusetts. Bristol, ss. To the sheriff of said county, or his deputy, or any constable in Pawtucket in said county, and to the keeper of the jail in Taunton in said county. Whereas Elisha A. Clarke, Robert J. Snow, Oliver Everett, and Arnold Whipple have this day been brought before the subscriber, a justice of the peace in and for said county, charged with a contempt of said justice, while holding a court in Pawtucket in said county, on the thirtieth day of August last past, in that the said Snow, Clarke, Everett and Whipple were duly summoned to appear as witnesses in behalf of the government, in a prosecution against Augustus Abell, at the Town Hall in said Pawtucket, on the thirtieth of said August, at ten of the clock in the forenoon, and said Clarke, Snow, Everett and Whipple did not appear when they were called as witnesses to testify in said prosecution; and whereas said justice, after hearing the excuses and reasons of said Snow, Clarke, Everett and Whipple, for the contempt aforesaid, ordered the said Clarke, Snow, Everett and Whipple to pay a fine of ten dollars each, and costs of prosecution, taxed at one dollar and nineteen cents for each; which said Clarke, Snow, Everett and Whipple, now in court, refuse to do. You are therefore ordered to take the said Clarke, Snow, Everett and Whipple, and them commit to our jail, in said Taunton, and the said jailer is hereby ordered to receive the said Clarke, Snow, Everett and Whipple, and them keep until they be discharged in due course of law. Given under my hand and seal, at Attleborough, this seventh of September, A. D eighteen hundred and fifty three.

LEMUEL MAY, Jus. of the Peace.

BIGELOW, J.   The ground on which Clarke, the plaintiff in the first named suit, was discharged, on the return of the writ of *habeas corpus,* from the imprisonment to which he had been sentenced by the defendant May, was, that under the Rev. Sts. *c.* 94, §§ 5, 6, and *St.* 1838, *c.* 42, by virtue of which justices of the peace are empowered to punish for contempt persons, duly summoned to testify before them, who fail or neglect to appear, without reasonable excuse, no authority was conferred to punish contempt by a separate and independent proceeding; but that the power and jurisdiction of magistrates in such cases was only incidental and auxiliary to the trial of the cause in which the witnesses were summoned; and could not be legally exercised, except during the pendency of such cause; that after its final disposition by a judgment, the authority to punish such contempt ceased, and that Clarke was therefore illegally committed.

The decision in that case is decisive of the liability of the defendant May in the present actions.   Although he had jurisdiction of the subject matter, he was empowered by law to exercise it only in a particular mode, and under certain limitations. Having disregarded these limitations, and exercised his authority in a manner not sanctioned by law, he has been guilty of an excess of jurisdiction, which renders him liable as a trespasser to the party injured.   The rule of law, by which magistrates are held responsible in such cases, and the authorities in support of the rule, are fully stated in *Piper* v. *Pearson, ante,* 120.

It is undoubtedly true that judges and magistrates cannot be held liable in trespass for acting without jurisdiction, or for exceeding the limits of their authority, where the defect or want of jurisdiction is occasioned by some facts or circumstances applicable to a particular case of which the judge or magistrate had neither knowledge nor the means of knowledge.   In other words, if the want of jurisdiction over a particular case is caused by matters of fact, it must be made to appear that they were known, or ought to have been known, to the judge or magistrate, in order to hold him liable for acts done without jurisdiction. Otherwise the maxim *ignorantia facti excusat* applies.   *Pike* v.

*Carter,* 3 Bing. 78, and 10 Moore, 376. *Lowther* v. *Earl of Radnor,* 8 East, 113. *Calder* v. *Halket,* 3 Moore P. C. 77. But the case at bar does not fall within this qualification of the general rule. The defendant May was cognizant of all the facts, which constituted the defect of jurisdiction in the proceedings against the plaintiff.

In regard to the liability of the other defendant, Kent, who, as a constable, served the capias and committed the plaintiffs to jail upon the mittimus, a different rule is applicable. The magistrate had jurisdiction of the subject matter; the irregularity, which constituted an excess of jurisdiction in him, and for which he is liable, did not appear on the face of the capias or the mittimus, which were regular in form, and contained nothing from which any defect or excess of jurisdiction could be known or inferred by the officer. He was therefore serving a process, regular on its face, in a matter of which the magistrate had, apparently, entire and perfect jurisdiction which he had properly exercised. In such cases, the rule is well settled, that the officer cannot be held liable. His warrant being regular on its face, and being issued by a magistrate having jurisdiction over the subject matter, affords a full justification for all acts done by him in its lawful execution. 1 Chit. Pl. (11th Amer. ed.) 182, *note 2. Donahoe* v. *Shed,* 8 Met. 326. *Fisher* v. *McGirr,* 1 Gray, 45, 46. *Kennedy* v. *Duncklee,* 1 Gray, 71.

The result is, therefore, that the plaintiffs in both cases are entitled to judgment for their damages against the defendant May; and in the second case, the defendant Kent is entitled to judgment.